THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BRANCATO, Appellant.

The People introduced into evidence a series of tape recorded conversations between the defendant, his codefendant and several others which implicated the defendant in a loan sharking scheme to lend money at an annual interest rate of 156%. Upon expiration of the eavesdropping warrant and each of the two extensions, the tape recordings were duly

sealed in accordance with CPL 700.50 (2). However, following the initial sealing the People applied for a series of court orders to unseal the tapes for the stated purposes of presentation to the Grand Jury, duplication, audibility hearings and for presentation at trial. The orders were issued with specific resealing dates each of which was complied with. At trial, the defendant sought suppression of the tapes arguing that the court improperly permitted the tapes to remain unsealed in the People's possession for an inordinately lengthy period of time.

Contrary to the defendant's contention, the record reveals no violation of the sealing requirements of CPL article 700. The record shows that the People obtained judicial approval for the unsealing, the procedure was judicially supervised and the tapes were resealed in accordance with the court's orders. Accordingly, the People have met their burden of establishing due compliance with the statutory procedures *(see, People v Sher*, 38 NY2d 600). We further note that in view of the 140 to 150 two-hour tapes involved, the duration of the unsealing orders, which ranged from two days to two weeks, was not unreasonable. Accordingly, the tapes were properly admitted into evidence.

The defendant further argues that it was improper to admit into evidence the recorded conversations of his codefendant and a third party pursuant to the exception to the hearsay rule for declarations of coconspirators. However, contrary to the defendant's contention, there is sufficient evidence in the record independent of the disputed conversations to establish prima facie the existence of a conspiracy so as to permit the introduction of the conversations in their entirety *(see, People v Sanders*, 56 NY2d 51, *rearg denied* 57 NY2d 674; *People v Salko*, 47 NY2d 230, *remittitur amended, rearg denied* 47 NY2d 1010, *rearg denied* 47 NY2d 1012; Richardson, Evidence § 244 [Prince 10th ed]).

We have examined the defendant's remaining contentions and find them to be unpreserved for our review and, in any event, without merit. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.